SMITH and another, Executors of SMITH *v.* WYCKOFF, *et al.*

---

Executors, in pursuing a debt, made a person a party who they had a fair right to suppose held a claim. The latter denied holding such a claim and yet met every allegation of the bill, thereby making a long answer. On an application, by the complainants, to dismiss the bill without costs: *The Court* restricted such defendant's costs to a disclaimer and to the ordinary costs of solicitor and counsel fees of opposing the motion.

---

EDWARD SMITH had a debt against Lambert Wyckoff; and the latter, by his will, made it a lien upon his real estate —as he also did a bond debt which he had given to Henry Onderdonk. Lambert Smith then died; as did his creditor Edward Smith. The executors of the latter filed the present bill to obtain payment of the debt and made the said Henry Onderdonk a party, supposing him still to be the holder of the bond debt. An answer on oath was waived. He put in a full answer, however, showing that he had not the bond and was not such creditor. A motion was now made that the complainants might be allowed to dismiss the bill as against the defendant Henry Onderdonk without costs.

*Oct.* 8, 1844.

*Practice.*
*Dismiss-*
*ing bill.*
*Costs.*
*Executors.*

Mr. *H. Nicoll,* for the complainants.

Mr. *H. G. Onderdonk,* (reading affidavits) in opposition.

THE VICE-CHANCELLOR :—In disposing of this motion, the court can have nothing to do with the circumstances detailed in the opposing affidavits, especially that of the solicitor Mr. H. G. Onderdonk, for the purpose of showing that the executors of Peter Wyckoff are the authors of this suit and have employed the solicitor to bring it and that the executors of Edmund Smith are only nominal complainants. It is not true that they are but nominal complainants, for it abundantly appears that they have a real substantial interest in the prosecution of this suit by virtue of the five thou-

*Nov.* 4.

1844.

SMITH
v.
WYCKOFF.

sand dollar note which has come to their hands as executors and which it is their duty to enforce. They must, therefore, be the actual complainants who have undertaken this suit, though the result of it may be to relieve the estate of Peter Wyckoff, deceased, in the hands of his executors, from the payment of this and other debts; and, hence, may have been set on foot at their instance and request. In framing this bill, it is easy to perceive how the complainants fell into the mistake of making Henry Onderdonk a party defendant. He is spoken of in the will of Peter Wyckoff as his bond creditor of fifteen hundred dollars, instead of Margaret Schenck to whom the bond was, in fact, given. The complainants now wish to correct this mistake by dismissing their bill as to Henry Onderdonk and amending it by bringing in the real party in interest in that bond. And the question is, what costs, if any, are the complainants bound to pay Henry Onderdonk?

I think they are bound to pay him some costs, though bills by executors or administrators will sometimes be dismissed without obliging them to pay any costs to the defendant. In this case, however, it would operate as a hardship on the defendant if, without his fault and through mere error or mistake in making him a party, he should be left to pay all his own costs. It was prudent and right and proper in him, on being served with a subpœna, to appear and answer a chancery bill which he knew nothing about, to employ a solicitor to appear and attend to the matter for him. But when he came to see a copy of the bill as served upon his solicitor and observed that his answer thereto was waived (for the bill contains an express waiver of the oath of all the defendants in answering) there was not the least occasion to put in an answer of forty folios in length answering every allegation and charge of the bill. There was neither necessity nor propriety in it; and his solicitor should have advised him that, as he had no interest in the subject-matter of the suit and was not called upon to answer the bill, all that it became necessary or proper for him to do was to put in a disclaimer, stating that he held no such bond and claimed no interest as a creditor of Peter Wyckoff, but that Margaret Schenck was such bond creditor as he had

reason to believe. The answer does, in fact, state this ; but it contains a great deal more, which could only have been introduced for the purpose of increasing the amount of costs for somebody to pay.

A formal and proper disclaimer might have been comprised in only five folios and beyond five folios this defendant's solicitor ought not to be paid.

*Order :* That the complainants have leave to dismiss the bill as to Henry Onderdonk, on payment of his costs to be taxed, including the putting in of his answer to be charged as a disclaimer of five folios only ; and adding brief and counsel fee upon the motion, but no charge for the affidavits read in opposition.